### MOFFETT v. EAMES et al.

### In re EAMES.

(Supreme Court, Special Term, Kings County.    September, 1913.)

1. TRUSTS (§ 315*)—COMPENSATION OF TRUSTEE.

Where the deed or instrument creating a trust does not fix compensation of the trustee, he will be allowed the same compensation as is allowed by law to executors and guardians.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. §§ 433–443, 474–479; Dec. Dig. § 315.*]

2. TRUSTS (§ 316*)—COMPENSATION OF TRUSTEE.

Where a trustee sold trust property subject to a mortgage and did not charge himself in his account with the gross value but only with the equity received above the mortgage, he cannot be allowed commissions on the gross value.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. §§ 445–459; Dec. Dig. § 316.*]

Suit for specific performance by James Moffett against Harris G. Eames, substituted trustee, and others. Heard on application of Harris G. Eames, substituted trustee, for settlement of his account.

Robert E. Moffett, of Brooklyn, for plaintiff.
Joseph P. Reilly, of Brooklyn, for trustee.
Cornelius S. Pinkney, of New York City, for claimant.

BENEDICT, J. These applications have been referred to me by Mr. Justice Crane. They arise out of the proceedings of the applicant Eames, who was appointed by this court to be the substitute of a conventional trustee, deceased, appointed by a certain deed of trust dated March 22, 1912, made between John and Ferdinand Luck and certain judgment creditors of the settlors.

The deceased trustee had in his lifetime sold, or otherwise disposed in accordance with the terms of the trust instrument of, all the real property of the trust estate with the exception of one parcel particularly described in the complaint in this action. This last-mentioned parcel he had offered for sale at public vendue, and it had been struck down for the sum of $30,000 to the plaintiff Moffett, who had signed the usual auction terms of sale therefor and had paid a deposit of $3,000 to the auctioneer.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

. A dispute having arisen between the settlors and the trustee, the trustee failed and refused to carry out the terms of sale and convey the property, and the purchaser began this suit for specific performance of the contract. Pending the suit the trustee died and·Eames was appointed his successor by order of this court dated February 28, 1913. The suit resulted in a decree of specific performance in favor of the plaintiff after a trial on June 26, 1913, and costs were awarded to the plaintiff in the sum of $255.86. Subsequently the substituted trustee conveyed the property to the plaintiff, received the purchase money less the amount of a mortgage, and has filed his account showing his total receipts, which are all the moneys with which he charges himself. These amounted to $15,005.25, and he now has a balance on hand of $890.75, out of which he asks compensation for his own and his attorney's services. He also asks to be discharged as trustee and to have his bond canceled.

[1] Since the decision of Chancellor Walworth in Meacham v. Sternes, 9 Paige, 399, it is the settled law in this state that where the deed or instrument creating a trust contains no provision on the subject of compensation to the trustee for his personal services in the execution of the trust, and where there is no agreement on the subject for a different allowance, the trustee, upon the settlement of his accounts, will be allowed the same fixed compensation for his services, by way of commissions, as are allowed by law to executors and guardians, and to be computed in the same manner.

"In other words, the court will consider the statute allowance to executors, administrators, and guardians as the compensation tacitly understood and agreed on by the parties to all trusts, of a similar nature, where nothing appears to show a different agreement or understanding on the subject of compensation."

In the present case the trust deed is silent on the subject, and I shall therefore allow to the substituted trustee compensation at the rates allowed by law to executors upon the sum which he charges himself with having received and which he already has disbursed or will under this order pay out.

[2] I cannot allow him compensation in respect of the total value of the property without regard to the mortgage incumbrance upon it, as was allowed by the General Term in this Department (see Cox v. Schermerhorn, 18 Hun, 16), because the trustee has not charged him-·self in his account with the gross value but only with the value of the equity received above the mortgage of $16,000, and so under the rule applied in Matter of Dean, 86 N. Y. 398, Matter of Fulton, 30 Hun, 258, he cannot be allowed commissions on the gross value.

The commission allowed to him is therefore the sum of $340.05. I allow to him as compensation for the services of his attorney the sum of $275 and $32.70 disbursements, making together the sum of $307.70. See Case v. Beloe, 125 App. Div. 906, 109 N. Y. Supp. 168.· The balance then remaining in his hands, viz., $243, I direct to be paid to the plaintiff Moffett on account of the costs and disbursements of this action as taxed. Settle order on notice.